### Albert K. Cummings v. Abner Stone.

*Lost goods — agreement concerning, between joint finders. — Consideration.* — While plaintiff's tug-boat was ·towing defendant's raft in St. Clair River, the tow line caught in, and raised up from the river, an anchor and chain, which were secured by defendant, and taken on his raft; — *Held,* That plaintiff and defendant were joint finders of the property, and that the interest of the former therein, was an adequate consideration for the agreement of the latter to sell it, and divide the proceeds.

·*Statute as to lost goods.* — *Burden of proof.* — Said agreement being a verbal one, the defendant insisted that, inasmuch as under the statute in regard to lost goods, the right to sell the anchor and chain could not be acquired within a year from the finding, it could not be performed within a year, and, not' being in writing, was void; — *Held,* That, to render said statute applicable, defendant should have shown that the property was found in that part of St. Clair River which lies within this State, and that, in the absence of such proof, that fact could not be presumed.

·*Judicial notice.* — *Held, also,* . That the Court will take judicial notice of the fact that part of the St. Clair River lies without the boundaries of this State.

·*Error in charge to jury — when immaterial.* — A judgment will not be reversed for an erroneous charge to the jury, which, if correctly given, could not have changed the result.

*Heard October 12. Decided October 27.*

Error to Wayne Circuit.

The · action was *assumpsit,* and the case was tried by ·a jury.

On the trial, the following facts appeared in evidence: The plaintiff, in the summer of 1861, was the owner and master of a tug-boat, with which he was engaged in towing vessels through the Detroit and St. Clair Rivers. Some time during said summer he entered into an agreement with defendant, (plaintiff in error,) by which he

undertook to tow a raft of lumber, from the mouth of Black River, in St. Clair County, to the city of Detroit. After towing the raft out of Black River into St. Clair River, the tug slackened speed, and, on starting again, the tow-line, which was the property of defendant, was found to have an anchor and about one hundred and fifty feet of chain attached to it. The tug proceeded down the river with the raft, the anchor and chain still hanging to the line, until it reached Lake St. Clair, where the raft was towed into shallow water, and the anchor and chain secured and put on the raft by the defendant and his employes.

Testimony was introduced by the plaintiff, tending to show that, while the anchor and chain were hanging to the tow-line, it was orally agreed between him and defendant, that the latter should sell them, and divide the proceeds, between himself and plaintiff. It appeared that defendant had sold the chain, but not the anchor. Defendant denied the agreement to sell the anchor and chain, and divide the proceeds.

The instructions of the Court, to the jury, to which exceptions were taken, sufficiently appear in the opinion.

CAMPBELL J.:

Plaintiff below having undertaken to tow a raft belonging to defendant below, the tug slackened speed at some place in St. Clair River, and, on starting again, the tow-line, which had dipped into the water, and sunk some distance, caught and drew up an anchor and chain of considerable value, which were subsequently secured, and put on the raft, by the owner and hands of the latter. It is alleged, and evidence was introduced to show, that Cummings, the raft owner, agreed to sell the property, and divide the proceeds, and that he had sold the chain. The action was brought to recover one-half of the price obtained.

The defendant below claimed that, by the laws of Michigan, property found must be appraised, and the appraisal left with the town clerk for a year, before the owner's title could be divested. Upon this, he asked the Court to charge the jury that a contract, such as was sued upon, was a contract not to be performed within a year, and therefore void, because not in writing. This the Court refused, but charged that the proof was that the anchor and chain were picked up in the St. Clair River, without proving that it was in the waters of the State of Michigan; but that, if the jury found, from the evidence, that they were picked up in waters subject to the admiralty jurisdiction of the United States, as property abandoned and derelict, the statute of Michigan did not apply.

There was no error in this charge which can be complained of by plaintiff in error. In order to show the alleged illegality of the bargain, it was incumbent on the defendant below to prove that it came within the statute. Illegality will not be presumed. As the Court knew judicially that all of the St. Clair River was not within the State of Michigan, proof merely that the anchor was found in the river, had no tendency to prove that it was found in any township in the State. The finder, therefore, was entitled as at, common law, without reference to the statute, and, as against all but the owner, had a complete title. So much of the charge as referred to the admiralty jurisdiction was immaterial, as plaintiff was entitled to have the jury instructed directly that the statute could not, under the proof made, apply to the case. But it could not change the rights of the parties in this controversy. The admiralty jurisdiction upon these waters, whatever may be its theoretical and possible extent, has only been vested in the District Courts in certain specified classes of cases, connected with external commerce. If salvage cases, respecting

derelict property, are justiciable in those Courts, they must have' some reference to the commerce referred to; and the evidence in the case before us has no such reference. And had the case been brought within these rules, the finder could only be disturbed by some one having better right.

Defendant below also asked the Court to charge that the fact that the anchor and chain were caught by the rope belonging to the raft, and connecting the raft and tug-boat, did not of itself entitle plaintiff to a verdict for any portion of the value of the property. The Court refused this, and charged the jury that it was a joint finding, and that, if they found the agreement as alleged, they should find for the plaintiff, to the extent of one-half the proceeds of the chain.

We think this charge entirely correct. Had it not been for the tug, the anchor and chain would never have been caught or raised. If the rope belonged to the raft, it was, nevertheless, used in the towing, which was done by the tug. Securing the anchor and chain, after they had been found and brought up, could not destroy the rights of the finder. The tug owner was entitled to, at least, a joint interest, and the agreement to divide was upon adequate consideration, and only expressed what might have been the implied right of each upon a sale by consent.

There was no error in the judgment below, and it must be affirmed, with costs.

The other Justices concurred.