## George Kling v. Valentine Fries and another.

*Trial by court: Special finding: Weight of evidence: Facts found: Judgment.* Where a cause is tried by the court without a jury and a special finding filed, the weight of the evidence will not be considered on review, but it being conceded there was evidence tending to prove the facts found, the only question left open in that regard is, whether the facts as found support the judgment.

*Contracts: Place: Agency: Verbal order: Approval: Goods sold and delivered.* Where an agent takes in Michigan a verbal order for goods and transmits it to his principals in Ohio for approval, and the latter there approve it and consign the goods to a common carrier in Ohio, and the vendee accepts the goods in Michigan, paying the freight, the contract is an Ohio contract, and not a Michigan one; and though the goods be intoxicating liquors, the transaction is not within the Michigan statute.

*Contracts for sale of goods: Title: Delivery: Common-law rule.* At the common law a contract for the sale of goods, where nothing remains to be done by the seller before making delivery, transfers the right of property, though the price has not been paid, nor the thing sold delivered to the purchaser.

*Presumptions: Illegality: Contracts: Statutes of another state.* Illegality will not be presumed; nor will it be presumed, as against the validity of a contract, and in the absence of proof, that the statutes of another state have provisions similar to those of Michigan, and in derogation of the common law.

*Sales of goods: Liquors: Statutes of other states: Presumption: Intention.* It will not be presumed, in the absence of evidence or finding, that parties making a sale in another state, where it was presumably valid, of liquors to be transported to Michigan, intended thereby to assist the purchaser in violating the Michigan statute.

*Heard January 7 and 11. Decided January 18.*

Error to Ionia Circuit.

*Clute & Smith,* for plaintiff in error, cited: *2 Pars. on Con.,* 587; *Story on C. of L.,* §§ 38, 257 a, 259, 317, 272 a, 278 a; *Thompson v. Ketchum,* 8 Johns., 190; *Comp. L. 1871,* §§ 2148, 4699; *Paton v. Coit,* 5 Mich., 510; *Hyde v. Goodnow,* 3 Cow., 266; *Bancher v. Mansel,* 47 Me., 62; *Raw v. People,* A. L. J., Dec. 11, 1875, p. 377; *Hunt v. Knickerbocker,* 5 Johns., 326; *Davis v. Bronson,* 6 Iowa, 425; *Wilson v. Stratton,* 47 Me., 120; *Territt v. Bartlett,* 21 Vt., 184; *Spaulding v. Preston,* 21 Vt., 9; *Tracy v. Talmadge,* 14 N. Y., 162; *Griffith v. Wells,* 3 Denio, 226; *Bank v. Niles,* 1 Doug., 400; *Myers v. Carr,* 12 Mich., 72.

*Mitchel & Pratt,* for defendants in error, cited: *Dolan v. Green,* 110 *Mass.,* 322; *Abberger v. Marvin,* 102 *Mass.,* 70; *Ely v. Webster, Ibid.,* 304; *Adams v. Coulliard, Ibid.,* 167; *Finch v. Mansfield,* 97 *Mass.,* 87; 1 *Pars. on Con.,* 533 a; *Story on Sales,* § 306(4); 2 *Kent's Com.,* 499; *Ellis v. Maxson,* 19 *Mich.,* 186; *Kermott v. Ayer,* 11 *Mich.,* 181; *Whitford v. Panama R. R.,* 23 *N. Y.,* 465; *People v. Lambert,* 5 *Mich.,* 349; *Holdridge v. F. & M. Bank,* 16 *Mich.,* 66; *Kentucky v. Bassford,* 6 *Hill,* 526; *Andrews v. Herriot,* 4 *Cow.,* 508, note; *Holman v. Johnson, Cowp.,* 341; *Kreiss v. Seligman,* 8 *Barb.,* 439; *McIntyre v. Parks,* 3 *Met.,* 207; *Haven v. Foster,* 9 *Pick.,* 111; *Bank v. Dodge,* 8 *Barb.,* 233; *Bank v. Curren,* 36 *Iowa,* 555; *Whitlock v. Workman,* 15 *Iowa,* 351; *School Dist. v. Snell,* 24 *Mich.,* 350; *Saxton v. Macomber,* 28 *Mich.,* 316; *Scudder v. Worster,* 11 *Cush.,* 573.

MARSTON, J:

Fries and Vilas brought an action of assumpsit against Kling to recover the amount due upon two promissory notes made by the latter and payable to the order of V. Fries & Co.

The defendant pleaded the general issue, with notice that the notes sued upon were given for intoxicating liquor purchased from plaintiffs, and that they were by reason thereof null and void.

The cause was tried by the court, who found the facts to be, that in 1872 and 1873 the plaintiffs were wholesale dealers in liquors at Cleveland, in the state of Ohio; that the defendant was engaged in the same business at Ionia in this state; that in October, 1872, the plaintiffs' agent, at defendant's place of business, took defendant's verbal order for a quantity of liquors, and transmitted said order to the plaintiffs in Ohio for their approval; that the plaintiffs approved of defendant's order and consigned the goods to a common carrier in the city of Cleveland; that defendant took the

goods from the carrier in Michigan, and paid the freight. Other facts were found as to the making and delivery of the notes, and the amount due thereon, but it is unnecessary to set forth the same in detail.

From the facts found, the court held the contract and sale was not made in Michigan, nor in violation of the laws of this state; that the plaintiffs were therefore entitled to recover; and judgment was rendered accordingly.

Counsel for plaintiff in error discussed several questions which we think are not raised by this record. It is not denied but that there was evidence given on the trial tending to prove the facts found by the court, and the only question for us to determine is, whether the facts as found support the judgment.

It is insisted that because plaintiffs' agent, as found by the court, solicited and obtained the order in this state, and the defendant afterwards received the liquors from the carrier in this state, and paid the freight thereon, the contract was therefore a Michigan contract, notwithstanding the fact that the order was by the agent sent to Ohio for approval, approved there, and the goods then shipped to defendant.

It is certainly quite clear that no agreement was entered into between the parties at the time the order was given. The court does not find that an agreement was then made, or that the agent did any thing beyond soliciting the order and sending it forward for approval by his principals. Had the order been for some other kind of goods, taken and sent forward for approval as this was, no one will contend that Kling could have sustained an action against Fries & Co. for a failure on their part to approve the order and ship the goods, and this irrespective of any question that might be raised under the statute of frauds. Until the order was approved or accepted by the plaintiffs, there was no agreement made. The order was not binding until accepted; but when accepted the contract then became complete and binding. The order might have been in writing and sent to Fries & Co. by mail; or Kling might have sent a verbal

order by some person going to Cleveland; or he might have gone there and given the order himself; in either event, the acceptance of the order would have been necessary to have made a valid contract, which must be founded on mutual assent.    The minds of the parties for the first time met on the approval of the order in Ohio.    The contract was then entered into, made complete and binding, and must therefore be considered as having been made at that place. See this question discussed, and the authorities collected in *1 Parsons on Contracts, pp. 480, 485.*

The offer and acceptance being verbal, and the goods purchased exceeding in value the sum of fifty dollars, was the contract within the statute of frauds, so that an acceptance of the liquors by Kling was necessary to its validity? Illegality will not be presumed.    In order to show that the contract was illegal, it was incumbent on the defendant below to prove that it came within the statute.    There was no evidence introduced, nor did the court find what the law of the state of Ohio required as essential to the validity of such a contract, or that under the laws of that state such a contract .was void.    At common law this contract would have been valid : delivery of the liquors would not have been essential to its validity.    It is said to be "a general rule of the common law, that a mere contract for the sale of goods, where nothing remains to be done by the seller before making delivery, transfers the right of property, although the price has not been paid, nor the thing sold delivered to the purchaser."—*Whitcomb v. Whitney, 19 Mich., 490.* We cannot presume that the statute of Ohio is similar to ours.    If, under the statute of that state, something else besides the acceptance of the order was essential to make the contract valid and binding, the statute should have been introduced in this case.    In the absence of such proof, we must presume that the contract was valid when the order was approved and accepted.—*Cummings v. Stone, 13 Mich., 72; Ellis v. Maxson, 19 Mich., 186.*

It is said, however, that plaintiffs intended to place this

KLING *v.* FRIES.

liquor in the hands of Kling to be sold in violation of the law of this state, and therefore they cannot recover. It would be a sufficient answer to this position to say, that the court has not found that the plaintiffs had any such intention. As already said, we cannot presume illegality. There being no evidence or finding in the case as to what the actual intention of the plaintiffs was, we cannot presume that the plaintiffs in making a sale which we must presume was valid in the state where they resided, and where the contract was entered into, thereby intended to assist the purchaser in violating the law of this state.

The judgment must be affirmed, with costs.

The other Justices concurred.