ALSON KNIGHT *vs.* ALEXANDER MANN.

Suffolk. March 16. — April 6, 1876. COLT & LORD, JJ., absent.

By the terms of a contract of sale of goods, the purchaser was to send for the goods and take them away. The purchaser went to the store of the seller, took the bill of parcels of the goods, asked if they were ready, and was told that they were, and the goods were pointed out to him lying in the doorway of the store. He said he would send for them. *Held,* in an action for goods sold and delivered, that these facts did not necessarily show an acceptance and receipt of the goods within the statute of frauds.

CONTRACT for rough calf skins, of the value of $1035, sold and delivered to the defendant. The answer contained a general denial, and set up the statute of frauds.

After the former decision, reported 118 Mass. 143, the case was tried in the Superior Court, without a jury, before *Pitman,* J. The facts proved were substantially the same as at the former trial, except that the judge further found that the defendant came into the plaintiff's store about noon on November 9, 1872, and took the bill of parcels of the calf skins, and asked if his

skins were ready; was told by the plaintiff that they were ready, and they were then pointed out to him, lying in the door way of the store, near which the parties were standing, and the defendant then passed out of the door where the skins were lying, saying he would send his wagon for them. The plaintiff requested the judge to rule that this was a sufficient acceptance of the goods to take the case out of the statute of frauds; but the judge declined so to rule, and ruled "that there was not such an unequivocal act of acceptance on the part of the defendant as would take the case out of the statute, and found for the defendant;" and the plaintiff alleged exceptions.

*H. L. Hazelton*, for the plaintiff, cited *Hardy* v. *Potter*, 10 Gray, 89.

*C. Robinson, Jr.*, for the defendant.

ENDICOTT, J. This case was before the court at a previous stage. 118 Mass. 143. The only additional fact proved at the second trial was, that after the defendant was told that the skins were lying in the doorway, they were pointed out to him, and he passed out of the door where they were lying, and said he would send for them. That there was sufficient evidence of delivery has been conceded throughout this controversy; the question being whether, on the facts reported, there was evidence of acceptance within the statute of frauds. It is enough to say that the additional fact does not necessarily show an acceptance, and the presiding judge could not properly have ruled as requested by the plaintiff; and, having found for the defendant, he must necessarily have found that there was "not such an unequivocal act of acceptance as would take the case out of the statute." The plaintiff therefore has no ground of exception. As it was part of the contract that the defendant should send for the skins, the fact that he said he would do so, when he left the store, does not add to the effect of the evidence.

*Exceptions overruled.*