WILLIAM H. STONE et al., Respondents, *v.* WILLIAM C. BROWNING et al., Appellants.

Where, under and in pursuance of the terms of a verbal contract for the sale of goods, void under the statute of frauds, the goods are delivered subject to examination, the receipt thereof by the vendor is not an acceptance which will take the case out of the operation of the statute.

To constitute an acceptance giving validity to the contract, it is requisite that the purchaser shall have made the examination and pronounced it satisfactory, or shall have dealt with the goods, or done some unequivocal act evincing his intent to accept them unconditionally as his own.

The fact that the goods are as represented by the vendor, and that the contract on his part has been fully performed, does not affect the question of acceptance. Although the refusal to accept be unreasonable, without an acceptance the contract is not validated. By reposing upon a contract void under the statute, the vendor exposes himself to the risk of an unjust refusal.

The question of acceptance is ordinarily one of fact, but where the uncontroverted facts afford no ground for finding an acceptance, or where the evidence is such that the court would feel bound to set aside a verdict so finding, it is the duty of the court to take the case from the jury.

A writing simply acknowledging the purchase of goods, without stating the price or terms of the contract of sale, is not a sufficient memorandum of the contract to satisfy the statute of frauds; all the essential parts of the contract must be evidenced by the writing, they cannot be supplied by oral evidence.

(Argued January 29, 1877; decided March 20, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of plaintiffs, entered upon a verdict.

The case upon a former appeal is reported in 51 New York, 211.

The complaint in this action alleged the sale by plaintiffs to defendants of sixty-five cases containing about 33,132 yards of "sky-blue kerseys" at one dollar and twenty-five cents per yard, to be paid for by defendants' promissory notes at four months; that plaintiffs delivered the goods in pursuance of

the contract of sale and demanded the notes, but defendants refused to give the notes and sent the goods back; that plaintiffs refused to receive them except as defendants' goods, and to secure the claim for the purchase-money, and gave notice that unless they were paid for they would sell them upon defendants' account, holding defendants for any balance; that plaintiffs sold the kerseys on account of their claim for the purchase-price and applied the proceeds, which left a deficiency, for which they asked judgment.

The contract of sale was verbal. The facts appearing in reference thereto are sufficiently set forth in the opinion.

At the close of the evidence defendants' counsel moved for a nonsuit upon the ground, among others, that the contract for the sale of the goods was void under the statute of frauds, and the evidence failed to show a delivery or acceptance. The motion was denied and defendants' counsel duly excepted.

*Geo. F. Comstock* for the appellants. The mere receipt of goods by a supposed vendee will not take a sale out of the statute of frauds. (*Stone* v. *Browning*, 51 N. Y., 211.)

*Wm. M. Evarts* for the respondents. The sale of the goods by plaintiffs for account of defendants was properly made at private sale, and the delay in selling was a benefit to defendants. (*Sands* v. *Taylor*, 5 J. R., 393, 404; *Crooks* v. *Moore*, 1 Sandf., 297; *Conway* v. *Bush*, 4 Barb., 564; *Bogart* v. *Regan*, 1 E. D. S., 590.) There was an acceptance of the goods binding upon defendants. (*Morton* v. *Tibbetts*, 15 Q. B., 428; *Cusack* v. *Robinson*, 1 B. & S., 299; *Currie* v. *Anderson*, 2 E. & E., 592; *Rodgers* v. *Phillips*, 40 N. Y., 532; Benj. on Sales, 105–195.) The letter of defendants repudiating the contract was sufficient to take the case out of the statute of frauds. (*Gibson* v. *Holland*, L. R., 1 C. P., 1; *Buxton* v. *Rust*, L. R., 7 Ex., 1279; *Allen* v. *Bennett*, 3 Taunt., 169; *Tufts* v. *Plymouth G. M. Co.*, 14 Al., 407; *Argus Co.* v. *Albany*, 55 N. Y., 495; *Townsend* v. *Hargraves*, 118 Mass., 3, 356.)

Rapallo, J. After a careful examination of the testimony in this case, we are satisfied that there was no evidence of an acceptance of the goods in controversy by the defendants, which would take this case out of the operation of the statute of frauds, and that the motion for a nonsuit made upon that ground should have been granted. It is conclusively established that by the terms of the verbal contract of sale, the goods were to be examined by the defendants, before closing the transaction by giving their notes for the price, and that such examination was to be made at the store of the defendants. This was one of the conditions of the sale, and its consummation necessarily depended upon the result of such examination. The receipt of the goods by the defendants at their store under this arrangement was clearly not an acceptance of them. They received them for the express purpose of seeing whether they would accept them or not. Some further act on their part was necessary to constitute an acceptance which would give validity to the contract of purchase. It was requisite either that they should have made the examination and pronounced it satisfactory, or that they should have dealt with the goods, or done some unequivocal act evincing their intention to accept them unconditionally as their own property, in order to supply the place of a written contract of purchase. Not only is the case totally barren of any proof of such an acceptance, but the uncontroverted evidence is, that after proceeding with the examination the defendants refused to accept the goods and returned them to the plaintiffs.

Evidence was introduced to the effect that the goods were in fact such as represented, and that they corresponded with the samples exhibited at the time of the sale, and upon these points there was a conflict in the testimony. This evidence would have been material had there been a written contract of purchase, and the question had been whether the plaintiffs had performed their contract, and whether, consequently, the defendants ought to have accepted and paid for the goods. But it was not material upon the issue whether there had been

in fact an acceptance which would supply the place of a written contract. Without such an actual acceptance, no valid contract was established. Performance by the plaintiffs of their part of the oral contract was not sufficient to give validity to it. All these points are covered by the decision of the Commission of Appeals when this case was before it on the former appeal (51 N. Y., 211), and are sustained in *Caulkins* v. *Hellman* (47 id., 449, and cases therein cited).

It is argued that it is unreasonable to suppose that the object of sending the goods to the defendants' store was merely to enable them to decide whether they would purchase them or not. It perhaps was not the intention of the plaintiffs that the defendants should have the option of rejecting the goods unless some just reason for so doing should be developed by the examination; but nevertheless, so long as the plaintiffs reposed upon a verbal contract, void under the statute, they exposed themselves even to an unjust refusal to accept. The only mode of securing themselves against such a result was to obtain a written memorandum of the purchase. The injustice of the refusal, if it were unjust, could not supply the place of an acceptance, or of a written contract.

When goods are sold subject to examination, and there is no written contract, Blackburn, in his work on sales (pages 22, 23), lays down the rule as follows: "So long as the buyer can, without self-contradiction, declare that the goods are not to be taken in fulfillment of the contract, he has not accepted them. And it is immaterial whether his refusal to take the goods be reasonable or not. If he refuse the goods, assigning grounds false or frivolous, or assigning no reasons at all, it is still clear that he does not accept the goods, and the question is not whether he ought to accept, but whether he *has* accepted them."

The point mainly relied upon in the prevailing opinion in the court below, and upon the argument here, is that, under the charge, the jury must be regarded as having found that the sale was absolute and not conditional, and was subject

only to the right of reclamation, affecting the price to be paid, if, upon examination of the goods, there should be found a less number of yards than the invoice specified, or that proper allowance had not been made, according to the usages of trade, for holes that might be found in the cloths, and that they must also be deemed to have found that the cloths were both delivered to and accepted by the defendants, under such a form of contract, and that these findings obviate the objections founded upon the statute of frauds.

Without discussing the soundness of this conclusion, as to which there appears to have been a difference of opinion at the General Term, we are satisfied, after a full examination of the testimony, that the evidence was not such as to justify the submission to the jury of the several propositions of fact which they are thus supposed to have passed upon and found in favor of the plaintiffs. The facts, as testified to by the plaintiffs themselves, were that the sixty-five cases of kerseys in controversy were, at the time of the sale, in the basement of plaintiffs' store, nailed up, and in plaintiffs' warehouse, with the exception of three or four, which were up stairs and open. That the purchase was made by Mr. Button, one of the defendants, who made a partial examination of the goods in these open cases. They were exhibited to him by Mr. Bliss, one of the plaintiffs. There was some conversation as to the quality of the goods and the price. Button proposed to purchase them on a credit of four months; thereupon Bliss consulted his partner, Stone; after further conversation, Stone said to Button, I will sell to you on four months, provided you will examine the goods and give me your notes immediately. Button said he could not examine them before Wednesday of the following week. Then Mr. Stone said, " I want you to know what you are doing. If you buy this lot of goods, I want you to give them a thorough examination," and afterwards said that he did not want any after-claps about the sale; he wanted it to be a finality. Bliss proposed to Button to go down stairs and look at the goods, but he replied that he could not examine them there ; that it was not a fit place.

Fay, another of the plaintiffs, being present, said that looking at one case was as good as looking at forty. Bliss, being asked whether both parties acted on the belief that the sample fairly represented the goods, said: "I did not wish him to act upon that belief; I wished him, if he had any doubt about it, to go and examine them." "Q. Then the action taken was upon your statement that the balance corresponded with the sample? A. No, sir, that was the very point I wished to avoid." The plaintiffs agree substantially in this statement of the transaction, and do not claim that any thing was said limiting the proposed examination to the mere purpose of a measurement of the goods. Mr. Stone testifies that he understood that the examination was to be at the store of the defendants, and assented to the goods being examined there, and also that the examination was to be for the purpose of determining the quantity of the goods and whether they came up to the representations. Fay confirms this, and the plaintiffs, in their letter to defendants, dated April 3, 1864, in reply to the defendants' letter of the same date, rejecting the goods, say: "We have only to repeat that unless you can show that the light blue kerseys sold to you on the 11th ult. are not as good as the four sample cases fairly exhibited, and examined by your Mr. Button, we must consider the sale binding on you," etc. This evidence, proceeding from the plaintiffs themselves, clearly establishes that the goods were sold subject to examination, and necessarily implies a right of rejection in case they should not prove to be of the quality represented, or indicated by the samples exhibited. This right was conceded by the plaintiffs by their letter of the third of April, and by the testimony of two of them on the trial, and there is no evidence in the case which would have warranted the submission to the jury of the question whether the sale and delivery were absolute and unconditional, and the examination merely related to measurement. It was attempted to prove by Mr. Bliss, one of the plaintiffs, a custom that when goods are delivered to be examined, the purpose of the examination is merely to correct the invoices in respect to meas-

urement; but assuming the evidence to be admissible, it failed to establish any such custom, and the evidence of the other plaintiffs showed clearly that the purpose of the examination was not thus limited. Even Mr. Bliss, who gives his understanding of what the purpose of the examination was to be, does not testify that any thing was said confining it to any special purpose. The controversy between the parties appears to have been, not as to the right of the defendants to reject the goods if really defective, but as to the fact whether they were so or not. This fact, as has already been shown, was not material to the determination of the question whether there was an actual acceptance. The fact that the goods were rejected and returned, is established beyond controversy.

Ordinarily the question of acceptance is one of fact. But when the uncontroverted facts are such as cannot afford any ground for finding an acceptance, or where, though the court might admit that there was a scintilla of evidence tending to show an acceptance, they would still feel bound to set aside a verdict finding an acceptance on that evidence, it is the duty of the court to withhold the case from the jury. (Brown, Stat. Frauds, § 321; *Denny* v. *Williams*, 5 Allen, 5; *Howard* v. *Borden*, 13 id., 299.) We think that this case falls within the rule.

The respondents, in their supplemental points, suggest that the letter of the defendants, dated April 3, 1863, was a sufficient memorandum of the contract to satisfy the statute. This letter, it is true, acknowledges the purchase of the goods, but it does not state the price or any of the terms of the contract. These deficiencies cannot be supplied by oral evidence. All the essential parts of the contract must be evidenced by the writing. This objection, without reference to others, is conclusive.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur; ALLEN, J., absent.

Judgment reversed.