## ELIAS RINDSKOPF ET AL. v. JOHN DERUYTER.

### *Locality of contract of sale—Prohibitory liquor law.*

A verbal order for liquors was given in Michigan to the agent of a Wisconsin firm subject to the approval of the firm, and to the acceptance or rejection of the goods on their arrival in Michigan. The Wisconsin statute of frauds avoids all verbal contracts of sale involving more than $50 unless the buyer accepts and receives a part of the goods. *Held* that under the agreement as to their acceptance, the delivery of the liquors to a carrier in Wisconsin did not complete the sale as a Wisconsin contract within the meaning of the statute, and that as a Michigan contract it was void under the prohibitory liquor law.

---

* Continued from Vol. 38.

Case made after judgment from the Superior Court of Grand Rapids. Submitted Feb. 1. Decided June 11.

ASSUMPSIT. Plaintiffs had judgment below.

*Taggart, Simonds & Fletcher* for plaintiffs. Acceptance of goods sold under a verbal agreement makes the contract valid from the date of the agreement, by relation. *Vincent v. Germond,* 11 Johns., 283; *Bailey v. Sweeting,* 9 C. B. (N. S.), 843; *Seymour v. Davis,* 2 Sandf., 239; *McKnight v. Dunlop,* 5 N. Y., 537; *Marsh v. Hyde,* 3 Gray, 331; 2 Schouler's Pers. Property, 448; *Townsend v. Hargraves,* 118 Mass., 325; *Bird v. Munroe,* 66 Me., 337; 9 Amer. Law Rev., 434.

*Blair, Eggleston, Kingsley & Kleinhans,* for defendant.

MARSTON, J. Plaintiffs, co-partners in trade at Milwaukee in the State of Wisconsin, sold to defendant, doing business in Grand Rapids in the State of Michigan, spirituous liquors. This action was brought to recover a balance claimed to be due upon such sale.

The defendant interposes three objections to the right of plaintiffs to recover.

*First,* that the agreement under which these liquors were sold and delivered was entered into in Michigan, and therefore void under Comp. L. § 2137.

*Second,* that by the terms of the original agreement defendant had the right to examine the goods at Grand Rapids and return them if not as represented; that he was dissatisfied with the goods and offered to return them; that a part was returned, and under an arrangement made with plaintiffs' agent in Grand Rapids a deduction was made upon the price of the goods retained; that the effect of such right of examination, return, offer to return and reduction in price, determined that the actual sale was made in this State, aside from all question of the validity of the contract considered as a Wisconsin contract or sale; and

*Third,* that if the contract was to be considered as a Wisconsin contract it was void under the statute of frauds of that State.

The referee in his finding of facts sets forth the circumstances of the sale: that defendant gave to plaintiffs' agent, who called upon him in Grand Rapids, a verbal order for the liquors referred to; that the sale was to be on ninety days' credit, and the defendant was at liberty to return the liquors if not as represented by the agent; "that the agent was to submit the order for the goods to plaintiffs, and if it met their approval, they should be sent."

This finding brings this case clearly within the decisions of this court in *Kling v. Fries,* 33 Mich., 275 and *Webber v. Howe,* 36 Mich., 154, and disposes of the first objection. In accordance with the rule laid down in these cases, the original agreement in this case must be considered as made in the State of Wisconsin and not in Michigan.

As to the effect of the offer to return the goods and the reduction made in the price as set forth in defendant's second objection, I do not see how this can be considered as the sale upon which the acceptance of the goods was made and the purchase price determined as claimed. It is true that here was an offer made to return the goods because not as represented. A part however had been sold by defendant at this time and could not therefore be returned, and there was also a reduction made from the contract price upon what was retained. At most this was but a modification of the original agreement. It did not abrogate or annul that agreement. It was rather a recognition of the validity and binding effect of the original agreement. The change made was a reduction of five cents per gallon from the price fixed in the original agreement. In all other respects the original agreement stood, and the rights of each party would be governed by the first agreement subject to the reduction referred to.

Assuming as we must, under the decisions referred to, that the original agreement, under the findings of the referee, must be regarded as a Wisconsin contract, and therefore valid, unless in violation of the statute of frauds of that State, I certainly do not see how any subsequent agreement could legally have been entered into in this State, which could have the effect claimed. Our statute declares that all " contracts or agreements relating" to the sale of liquors shall be utterly null and void. Under this statute the subsequent agreement entered into between plaintiffs' agent and defendant in Grand Rapids, in relation to a reduction in price, may be treated as a nullity, thus leaving the original agreement in full force and unmodified. An agreement which the statute then in force declared to be null and void, could not destroy, change or affect a previous valid agreement between the same parties.

This being a Wisconsin contract, was there an acceptance of the goods in compliance with the statute of frauds of that State? The statute of Wisconsin declares such a sale void, unless 2d, " the buyer shall accept and receive part of said goods, or the evidences or some of them of such things in action." By the terms of the agreement the goods were to be shipped by plaintiffs at Milwaukee, to Grand Rapids by boat, and at defendant's risk, he to pay freight. The goods were so shipped about the 11th of February and received by defendant somewhere from the 12th to the 15th of the same month. A delivery to the carrier in Milwaukee would not, we think, take the case out of the statute, within the decisions heretofore made by this court. *Grimes v. Van Vechten*, 20 Mich., 412; *Webber v. Howe*, 36 Mich., 154. An acceptance by the buyer was necessary. Under the finding of the referee there can be no question as to the fact of an acceptance by the buyer at Grand Rapids. That such an acceptance would be good and sufficient to bind the defendant there could be no question, unless it can be said that until acceptance there was no

contract; that the acceptance having been made in Grand Rapids the contract must be considered as having been then and there made, and consequently void under the statute of this state which prohibited such agreements.

For my own part I am not quite prepared to so hold. Were it not for the Wisconsin statute of frauds there could be no question as to the validity of this contract, and I do not clearly see how the time and place of the acceptance can, under such circumstances, be considered as the time and place of the agreement. A majority of the court is however of a different opinion, and consider that there was no binding agreement until an acceptance by the purchaser of the goods in Michigan, which made the contract a Michigan one and therefore void under the prohibitory liquor law, so called, then in force.

Under those circumstances the judgment will be reversed, and judgment entered for defendant with costs of both courts.

The other Justices concurred.

GRAVES, J. Unless before the liquors passed the line of Wisconsin the circumstances were sufficient to establish a binding sale there, the judgment cannot be maintained. What are the facts as ascertained by the finding of the learned referee? At Grand Rapids in this State the defendant ordered of Rindskopf Bros., at Milwaukee, in the State of Wisconsin, a bill of liquors: but under the condition that the liquors should be sent to be first examined and then to be kept or returned as it should or should not appear that they answered the requirements of the understanding under which the order was made. Rindskopf Bros. at Milwaukee, acceded to the terms of the order, and there acting upon them handed over to a carrier a lot of liquors to be transported to defendant at Grand Rapids. All further dealings were in Michigan. There was neither note nor memorandum in writing, nor payment of any purchase money. Was there any receipt or acceptance in Wisconsin in

the sense of the statute of frauds? Unless there was, no binding sale was there effected. And I think the finding answers the question in the negative. The only act of receipt and acceptance in Wisconsin was by the carrier, and according to the finding that was under and expressly subject to an arrangement which forbids inferring from it a receipt and acceptance as elements of a present sale.

The reported facts distinctly show that his connection with the liquors could have no such meaning. He received them simply for carriage to Michigan, and in order that they might upon arrival be examined, with a view to their change of ownership here upon terms already agreed on, if found to correspond with the previous understanding. They were not yet the property of defendant and might never be. They passed the line of Wisconsin in the ownership of plaintiffs in order that they might be inspected, and might thereafter vest in defendant, if at all. The reception and assumption of custody by the carrier in Milwaukee for the special object found, was not of force to work a binding transfer in Wisconsin and make out an obligatory sale there against their statute of frauds. Benjamin on Sales, [2d Eng., 1st Am. ed.] Pt. II, ch. 4 and notes; *Stone v. Browning*, 68 N. Y., 598; *Caulkins v. Hellman*, 47 id., 449 and cases in brief; *Meredith v. Meigh*, 22 Eng. L. & Eq., 91; *Knight v. Mann*, 120 Mass., 219: s. c., 118 Mass., 143; *Grimes v. Van Vechten*, 20 Mich., 410; *Hunt v. Hecht*, 20 Eng. L. & Eq., 524; *Frostburg Mining Co. v. New England Glass Co.*, 9 Cush., 115; *Farina v. Home*, 16 M. & W., 119.

CAMPBELL, C. J. and COOLEY J. concurred.