### HATCH v. GLUCK.

(Supreme Court, Appellate Term. April 24, 1905.)

SALES—STATUTE OF FRAUDS.

> Where a buyer on an inspection of certain goods orally agreed to take all the goods of a particular kind which the seller had of a value of more than $50, but on being tendered the goods refused to accept them, the contract was not taken out of the statute of frauds merely because the goods were as represented by the seller and the seller fully performed the contract on his part.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Edward P. Hatch against Adolf Gluck. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

I. B. Ripin, for appellant.
Henry Smith, for respondent.

SCOTT, P. J. The action is to recover for a bill of goods sold to defendant. The defendant claimed that the goods delivered were not the same goods which he bought. On this issue the justice found, upon satisfactory evidence, in plaintiff's favor. The sale was, however, for more than $50, and the defendant also defends upon the ground that the sale was void under the statute of frauds. There was no written memorandum of the sale, and the plaintiff's reliance to avoid the statute is solely upon delivery and acceptance of the goods. The sale was, in effect, one by sample. The defendant visited plaintiff's place of business and selected certain goods. After fixing upon a price he agreed to take all the goods of the particular kind which plaintiff had. He did not see all the goods which he agreed to purchase, as a part were in the stockroom. The goods were delivered at defendant's place of business, and he at once opened the cases and examined the goods therein. The defendant, claiming that the colors were not those which he bought, promptly returned them. It is well settled that, in order to take a sale of goods out of the statute, there must be not only a delivery, but an acceptance, and that to constitute an acceptance sufficient to validate a contract it must be made to appear that the buyer has dealt with the goods, or done some unequivocal act evincing his intent to accept them unequivocally as his own. Nor does it affect the question that, as it appears in this case, the goods are as represented by the vendor, and that the contract on his part has been fully performed, for, although the refusal to accept be unreasonable, the contract is not validated without an acceptance. It is precisely to the risk of an unreasonable refusal to accept that the vendor exposes himself when he relies upon a void contract. Stone v. Browning, 68 N. Y. 598.

Upon the evidence in the case the plaintiff did not successfully meet the defense founded upon the statute of frauds, and the judgment must consequently be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.