## PEOPLE *v.* MARTIN.

INTOXICATING LIQUORS—CRIMINAL LAW—LOCAL-OPTION SALE.

Respondent was secretary of a brewing company, having its plant in the city of Battle Creek; county of Calhoun. In 1909, under the provisions of the local-option law, Calhoun county adopted prohibition, whereupon the brewing company reorganized and established its principal place of business in Kalamazoo county, in which prohibition was not in force. Its office in Calhoun county at the brewery was kept open and a bookkeeper was placed in charge, to receive orders for beer which the company purchased in Detroit, shipped to Kalamazoo and there stored, filling orders from its stock. A customer ordered a case of beer at Battle Creek, upon an order blank which contained a condition that the order should be subject to respondent's approval at Kalamazoo. The bookkeeper received payment for the beer. *Held*, that respondent violated the provisions of section 5412, 2 Comp. Laws, as amended by Act No. 183, Pub. Acts 1899.

Exceptions before sentence from Calhoun; North, J. Submitted January 18, 1912. (Docket No. 154.) Decided March 12, 1912.

Julius Martin was convicted of unlawfully selling intoxicating liquors in a county that had adopted prohibition. Affirmed.

*Franz C. Kuhn*, Attorney General, and *Robert H. Kirschman*, Prosecuting Attorney, for the people.

*Stewart & Sabin*, for respondent.

Respondent, having been convicted of unlawfully selling intoxicating liquor in a "local-option" county, reviews his case in this court upon exceptions before sentence.

The undisputed facts are as follows:

169 MICH.—8.

"(1) The Battle Creek Brewing Company for many years conducted a brewery in the city of Battle Creek, having a very large investment of something more than $150,000, and was engaged in the manufacture of beer. At the April election of 1909, the people of the county of Calhoun voted to adopt local option, so called, and the supervisors, by resolution, based upon that vote, prohibited the manufacture and sale of the product of the Battle Creek Brewing Company under the provisions of the so-called local-option law.

"(2) Soon after the 1st day of May, the day on which the law went into effect, the Battle Creek Brewing Company reorganized in the county of Kalamazoo, and became a corporation under the laws of the State, doing business in the city of Kalamazoo, and established an office in the city of Kalamazoo, and became licensed under the laws of the State of Michigan to carry on its business of selling beer, and was legally authorized in the county of Kalamazoo to carry on its business.

"(3) The said Battle Creek Brewing Company still retained its property and brewery in the city of Battle Creek, but manufactured no beer therein, and also kept an office in the city of Battle Creek, in its brewery, with a bookkeeper in charge of the office. In conducting its business in Kalamazoo it purchased beer, which it sold, from a brewing company in the city of Detroit, and had its beer shipped to it in Kalamazoo, where it stored the same. The respondent is the secretary of the Battle Creek Brewing Company.

"(4) On July 7, 1909, one E. J. Mallory, living in the city of Albion, Mich., under the name of William Bressett, went to the office of the Battle Creek Brewing Company in the city of Battle Creek, and there gave an order to the bookkeeper in the office of the Battle Creek Brewing Company at Battle Creek for one case of beer, containing three dozen pints, which order was marked 'Exhibit A' and introduced in evidence, and is in words and figures following:

"'All orders subject to the approval of the secretary of the Battle Creek Brewing Co.    7—7, 1909.    To the Battle Creek Brewing Co., Kalamazoo, Mich.: Please ship the undersigned, via M. U. R., care of Wm. Bressett. Your company to allow me credit for empties returned as follows:

|                               per case. |                               per case. |
| 2 Doz. Large Bottles, $3 25 | 2 Doz. Large Bottles, $1 25 |
| 3 Doz. Small Bottles, 3 80 | 3 Doz. Small Bottles, 1 50 |
| 2 Doz. Small Bottles, 2 20 | 2 Doz. Small Bottles, 1 00 |

" 'All beer to be delivered to me at Kalamazoo, f. o. b. Inclosed find $3.10. Name, Wm. Bressett. Town, Marengo. This order is made on the express condition and understanding that no solicitor of the Battle Creek Brewing Company is authorized to take orders on behalf of said company, except subject to the approval of its secretary, and that this order shall not become binding upon the company until filed at its office at Kalamazoo, Michigan, and the approval of the secretary indorsed thereon. Cash must accompany all orders.

" 'Approval. The within order was filed with and approved by me at the office of the Battle Creek Brewing Company, at Kalamazoo, Mich., this 8th day of July, 1909. Delivery to be made at Kalamazoo, f. o. b.

"JULIUS MARTIN,
"Secretary of the Battle Creek Brewing Co.'

" And at the same time the said William Bressett paid to the bookkeeper $3.10 as payment for the beer, and took a receipt therefor from the bookkeeper, and directed that the beer be shipped to the village of Marengo in the county of Calhoun. This order, together with the money, was sent to the Battle Creek Brewing Company at Kalamazoo. The respondent, Julius Martin, as secretary to the brewing company, approved the order at Kalamazoo, and shipped from the warehouse of the brewing company in the city of Kalamazoo one case of beer, addressed to William Bressett, Marengo, Calhoun county, Mich., and delivered the same to the American Express Company at Kalamazoo, which said express company delivered the beer to Mr. Bressett at Marengo."

BROOKE, J. (*after stating the facts*). The statute, section 5412, 2 Comp. Laws, as amended by Act No. 183, Pub. Acts 1899, prohibits any person, directly or indirectly, himself or by his clerk, agent, or employé, from manufacturing, selling, keeping for sale, giving away, or furnishing any of the liquors mentioned in the act.

It is the contention of the respondent that under the facts disclosed by this record the "sale" was made in the

county of Kalamazoo, and not in Calhoun county. It is
said by counsel for respondent:

"In this case it is sought to make the act of the respond-
ent, acting as the agent of the Battle Creek Brewing
Company, criminal, although his entire connection with
the transaction complained of was in Kalamazoo where
the brewing company was legally authorized to transact
business by its agent."

The very natural and perhaps excusable desire on the
part of brewing companies to hold business during an arid
season, and thus prevent the annihilation of property in-
terests, has led them to devise many ingenious schemes.
The one here under consideration was unquestionably de-
signed by respondent and his associates to minimize so far
as possible the loss which the adoption of "local option"
in Calhoun county entailed upon their company, it doubt-
less being the expectation, or, at any rate, the hope, that
within a short time a shift in public sentiment might re-
sult in the repeal of the (to them) obnoxious law. He and
his business associates are responsible for the presence of
the bookkeeper in the open office of the brewery at Battle
Creek, clothed with authority to take orders and accept
money for beer. With the motives of the respondent,
however, whether laudable or otherwise, we have no con-
cern.

The question is: Did he directly or indirectly, by him-
self, his agent, or his employé, make the sale in Calhoun
county?

We must agree with the conclusion of the learned cir-
cuit judge that where the order is given and the money
paid over to the respondent or his agent in a local-option
county, that must be held to be a sale in such county in
contravention of the terms of the statute. The mere cir-
cumstance that the order carefully recites that it shall
not be binding on the company until filed in its office in
Kalamazoo and approved by its secretary cannot be per-
mitted to sweep away the plain deductions to be drawn
from the facts.

We have no doubt whatever that respondent made the sale in question by indirection, nor that he was engaged unlawfully in the prohibited business in Calhoun county within the letter as well as the spirit of the act. The cases of *Kling* v. *Fries*, 33 Mich. 275; *Webber* v. *Donnelly*, 33 Mich. 469; *Webber* v. *Howe*, 36 Mich. 150 (24 Am. Rep. 590); *Rindskopf* v. *De Ruyter*, 39 Mich. 1 (33 Am. Rep. 340); and *Monaghan* v. *Reid*, 40 Mich. 665—cited by respondent, have been examined, but in our opinion they are not controlling in the case at bar.

The conviction is affirmed, and the circuit court is directed to proceed to judgment.

MOORE, C. J., and STEERE, MCALVAY, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.