BARTON v. WEINMAN.

(Supreme Court, Appellate Term.   April 9, 1912.)

FRAUDS, STATUTE OF (§ 158*)—ACCEPTANCE—EVIDENCE.

In an action for the price of goods, evidence *held* to show that a delivery of the goods was conditional upon their conforming to a sample; and hence, the buyer having refused to accept them because they were not equal to the sample, an acceptance sufficient to take the case out of the statute of frauds was not shown, although the buyer had directed a change of labels on the goods.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 373–376; Dec. Dig. § 158.*]

Appeal from City Court of New York, Trial Term.

Action by Frederick C. Barton against Isak Weinman.   From the judgment on a verdict for plaintiff, defendant appeals.   Reversed, and complaint dismissed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Joseph Wilkenfeld (Otto A. Glasberg, of counsel), for appellant. Mervyn Wolff, for respondent.

BIJUR, J.   This appeal raises only one question of law, namely, whether there was a delivery to, or acceptance by, the defendant of goods sold to him by the plaintiff, sufficient to take the case out of the statute of frauds, which, it is admitted, would otherwise defeat recovery.

Defendant admittedly bought the goods by sample shown him in plaintiff's warehouse by plaintiff's brother, who conducted the negotiation.   The brother testified that defendant had said that he did not care to see the original packages then in the warehouse, adding:

"I know your goods, and I know they are all right, and you can ship them around by the truckman."

Being pressed on cross-examination, plaintiff's brother admitted that it was defendant's "privilege to examine the goods," and that "he did tell me at that time that he would examine the merchandise, after I guaranteed it to be according to sample."   Upon defendant's receipt of the goods at his own warehouse, he immediately compared them with the samples, and forthwith rejected them, and, on plaintiff's refusal to accept their return, stored them at plaintiff's "risk and disposal," and so notified him.

Upon this state of facts, as shown on plaintiff's case, it is clear that the delivery was conditional, and that there was no acceptance sufficient to meet the plea of the statute.   Hatch v. Gluck, 47 Misc. Rep. 122, 93 N. Y. Supp. 508.   This point was properly raised by defendant at every stage of the trial, and due exception taken to its being overruled.

Defendant was entitled to a dismissal of the complaint at the close of plaintiff's case, and to a direction of a verdict in favor of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant on the close of his case, and the refusal of the learned trial judge to grant defendant's requests therefor are error.

Plaintiff makes some point of the fact that when he told defendant that these goods were a "job lot," and that he did not wish them to go out to the trade with his original labels thereon, defendant told him that he might take the labels off and substitute numbers, suggested by defendant, and that they were so packed before shipping them to defendant. Plaintiff claims that this was the exercise of such dominion over the goods as constituted an acceptance of delivery in plaintiff's warehouse. It seems to me, however, that the matter referred to was of too trifling a nature, even standing by itself, to constitute acceptance; but, in any event, it neither destroys nor detracts from the admitted condition upon which the goods were sold.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.