(May 20, 1952.)

CAPITOL PIECE DYE WORKS, INC., Appellant, *v.* KLEIN COAT CORP., Respondent.

*Per Curiam.* The complaint alleges that defendant agreed to sell and deliver to plaintiff 400 pieces of woolen fabric at $3 per yard.

Defendant's motion has been granted to dismiss the complaint upon the ground that the contract was oral, and therefore void under section 85 of the Personal Property Law. The contract was admittedly void unless there was partial delivery of the goods. Subdivision 1 of section 85 sustains such oral agreements if " the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same ".

The facts concerning this transaction are undisputed. The buyer sent its truck to the seller's place of business to call for the woolens. After part of the goods had been loaded upon the truck, an argument arose concerning whether they were to be paid for by cash or on credit. When the plaintiff's representatives declined to pay cash, defendant's president ordered the truck to be unloaded, which was done by defendant's employees.

Special Term correctly held that " The temporary presence of the goods on the plaintiff's truck cannot, in the circumstances of this case, be regarded as an acceptance and actual receipt by the plaintiff." It is unnecessary to decide the point adverted to in the dissenting opinion, and discussed in section 75 of Williston on Sales (Vol. 1, Rev. ed.) whether there may be acceptance before the goods have been counted, weighed or measured to fix the price. The decision of this case depends upon the simple question whether, under the undisputed facts contained in the affidavits before us, any of these goods were ever delivered so as to come under the dominion of the purchaser. Plaintiff's truck never took any of these goods away from defendant's place of business, and, although some of the woolens were temporarily put into the truck, it is manifest that they were not regarded as having passed into the possession or to have come under the dominion of plaintiff, inasmuch as they were entirely removed at the order of defendant's president before the truck left the curb. Plaintiff had not accepted them subject to count to determine the price; plaintiff never accepted them at all, due to the argument which arose on the threshold of delivery concerning the terms of payment. That is particularly a situation within the Statute of Frauds.

The order appealed from should be affirmed, with $20 costs and printing disbursements to respondent.

CALLAHAN, J. (dissenting). This is an action by a buyer to recover damages for the seller's breach of an oral contract involving the sale of goods in excess of $50.

The defendant seller pleaded the Statute of Frauds (Personal Property Law, § 85), and moved for summary judgment (Rules Civ. Prac., rule 113). The Special Term granted the motion to dismiss the complaint on the plaintiff buyer's own version of the transaction. The correctness of this disposition, of course, depends on whether or not the record raises a triable issue of fact as to part performance. It is enough to defeat the defendant's motion that such an issue is presented by the plaintiff's version of the transaction.

The plaintiff claims to have made an oral purchase of approximately 32,000 yards of woolen fabric from the defendant at $3.10 per yard on terms providing for delivery at the seller's place of business and payment after an opportunity to examine or check the quantity received. The plaintiff sent its truck to pick up the goods at the seller's place of business. It is averred that the seller's president directed two of his employees to assist in loading the truck. After most of the goods had been placed upon the truck in the presence and with the consent of buyer's representative, the latter left. Thereafter, and in his absence, the goods were removed from the truck at the seller's

instructions. The buyer adds that the seller later admitted that he desired to retain the goods until the end of the year for tax reasons.

The seller, on the other hand, says that the sale was for immediate cash on delivery, that the loading of the plaintiff's truck was in progress at the time the defendant's president arrived at its place of business, and that he ordered his men to unload the goods because of failure to tender payment.

The plaintiff relies on part performance to overcome the defense of the Statute of Frauds in this case. For this purpose it is sufficient that the buyer shall have accepted and actually received part of the goods under the contract of sale. Acceptance of the buyer in this respect means an assent by words or conduct, before or after delivery, to become the owner of the specific goods. (Personal Property Law, § 85, subds. 1, 3.) The Special Term, however, considered that there could be no acceptance until the plaintiff had checked the merchandise preliminary to payment, and that the temporary possession of the goods on the plaintiff's truck could not be regarded as an acceptance and actual receipt of the goods.

It may be that no acceptance under the Statute of Frauds can be found where the goods are to be delivered to the buyer subject to his examination to determine whether they are the goods which he has agreed to take (1 Williston on Sales [Rev. ed.], § 75). Such, however, is not the plaintiff's version of the sale terms in the transaction in suit. In this regard the plaintiff says that under the contract the examination or checking of the goods was to be solely for the purpose of determining quantity as the measure of payment. In other words, he accepted the goods when they were loaded on his truck, and the examination as to quantity was simply a price term. This, it seems to me, presents a question of fact, the determination of which should await trial. (See *Stone* v. *Browning,* 68 N. Y. 598.)

I vote to reverse the order appealed from and deny the motion.

Dore, J. P., Cohn and Van Voorhis, JJ., concur in *Per Curiam* opinion; Callahan, J., dissents and votes to reverse and deny the motion in opinion in which Shientag, J., concurs.

Order affirmed, with $20 costs and disbursements to respondent.